## ASSUMPTION OF RISK IN ATTEMPTING TO BOARD A MOVING CAR.

Circuit Court of Cuyahoga County.

W. R. SMILLIE v. THE CLEVELAND RAILWAY COMPANY.

Decided, June 10, 1912.

*Negligence—Boarding Moving Car—Charge—Concrete Rule Correct, But General Language Erroneous.*

1. In a personal injury damage case if a correct concrete rule of conduct applicable to the facts of the particular case is given in charge to the jury, it is of no importance whether the observance of the rule is ascribed to the exercise of reasonable care or of the highest degree of care.

2. In an action for damages for injuries resulting from negligently starting a car which plaintiff was about to board as a passenger, it is proper to charge that one who undertakes to get on a moving car, assumes such risks as are incident thereto, and if injured thereby can not recover.

*A. W. Lamson,* for plaintiff in error.

*Squire, Sanders & Dempsey,* contra.

NIMAN, J.; MARVIN, J., concurs; WINCH, J., not sitting.

The action in the court below was for the recovery of damages on account of injuries claimed to have been sustained by the plaintiff in being thrown or jerked from the step of a street car operated by servants of the defendant, as he was mounting the platform of the car.

The verdict was for the defendant and the plaintiff in error seeks by this proceeding to reverse the judgment rendered thereon, after the overruling of his motion for a new trial.

The errors complained of relate to the charge of the trial court to the jury. Not all the evidence is before us, but only so much as counsel for the plaintiff in error considered necessary to disclose the alleged errors in the charge.

The petition charged that the car on which the plaintiff attempted to get, had come to a full stop for the purpose of receiv-

ing the plaintiff and other passengers, and while the plaintiff was in the act of boarding the car, it was started suddenly forward with a great jerk, with such force and violence that it threw the plaintiff backward and over and around the rear of the car and thereby broke his hold from the same and threw him to the ground.

From such evidence as is before us, and from the charge of the jury, however, it appears that the car had not come to a full stop, and the case was tried and presented to the jury upon the theory that the car had not fully stopped when the plaintiff attempted to get on.

One portion of the charge claimed to be erroneous is in the following language:

"And this brings me to the duty of the defendant company in this instance, and the correlative duty of the plaintiff, for the right to recover for injuries received must rest upon the fact that the defendant violated some duty it owed to the plaintiff. The duty of the defendant in this respect to the plaintiff was, if it stopped the car or brought it to such a slow rate of speed as to be an invitation for the plaintiff to board, or attempt to board the car, then it was the duty of the defendant, in the exercise of reasonable care, to keep the car in that condition long enough so that the plaintiff, in the exercise of reasonable care, might with safety board the car."

One objection urged against this part of the charge is that it might and did lead the jury to believe that after holding the car the length of time sufficient to permit the plaintiff, with ordinary care, to get safely on the car, without regard to any position of danger he might be in at the time, it would not be negligence to start the car and throw him off.

If the evidence were such as to show knowledge of a dangerous position on the part of the plaintiff, chargeable to those operating the car, this argument would have greater weight than in this case, with such evidence as is before us. We do not think the jury could have been misled in the manner suggested by the language quoted.

Another objection to this part of the charge, in connection with other language in which the court defined negligence, is that the duty of the defendant company toward the plaintiff, and the

degree of care required of the defendant are not correctly stated.

The definition of "negligence," to which exception is taken, - follows the court's instructions concerning what acts of the plaintiff could render him guilty of negligence so as to defeat any recovery. The language of the definition is as follows:

"I have used the words 'negligence' and 'negligently.'

"Now, 'negligence' means simply the want of ordinary care under the circumstances surrounding that particular case and the transaction in question, and 'negligently' simply means doing an act in such a manner that it lacks the care which men of ordinary prudence and foresight use in their everyday affairs of life under the same or similar circumstances."

This definition, immediately following the court's discussion of what would be negligence in the plaintiff, refers to that negligence and is a correct definition.

Even if this were not so, the court, in the other part of the charge first quoted, in clear terms instructed the jury, that it was the duty of the defendant, if it stopped the car, or brought it to such a slow rate of speed as to be an invitation for the plaintiff to board, or attempt to board the car, to keep the car in that condition long enough so that the plaintiff, in the exercise of reasonable care, might with safety board the car.

This instruction was a correct statement of the defendant's duty toward the plaintiff, and the inclusion of the words "in the exercise of reasonable care," does not in any way modify the duty as charged.

If a correct concrete rule of conduct is laid down to govern the particular case, it is of no importance whether the observance of the rule is ascribed to the exercise of reasonable care or the highest degree of care. The jury were properly instructed on the subject of the defendant's duty toward the plaintiff, and the exercise of the highest degree of care by the defendant required the observance of no other or greater duty than that laid down by the trial court in the instructions under consideration. There was therefore no error in this regard.

Complaint is also made of the instructions to the jury on the subject of the effect of the act of one who attempts to get on a moving car.

On this subject the court said:

"The fact that a car does not stop at a regular stop is not an act of negligence upon which recovery can be had, and if one undertakes to get on a moving car, he assumes such risks as are incident thereto, and if he is injured, he can not recover."

Again the court said:

"So if the plaintiff has failed to prove by a preponderance of the evidence that this car, at this time after it came around the corner at East 9th street and Prospect avenue, slowed down to a standstill or to such a slow rate of speed that one standing there ready to get on the car would, in the exercise of ordinary care, reasonably have supposed that the car was stopped or just on the point of stopping, for the purpose of letting him on, or in other words, inviting him to get on the car, he can not recover, and your verdict must be for the defendant."

In one of the requests of the defendant given by the court, it was said:

"If you find that the car was going at the rate of from four to five miles an hour at the time the plaintiff attempted to board the same, there can be no recovery in this case and your verdict must be for the defendant."

The objection urged against these instructions is that they leave out the question of negligence on the part of the defendant and the question of proximate cause.

Both the defendant's negligence and the subject of proximate cause are, however, dealt with in other parts of the charge. The instructions embody correct principles of law and must be read in connection with what was said by the court in other places on the subjects mentioned. They are sustained by *The Ohio Central Traction Co.* v. *Mateer,* 12 C.C.(N.S.), 327, affirmed without report in *Mateer* v. *The Ohio Central Traction Co.,* 81 O. S., 494, where it was held:

"A judgment for damages in favor of an intending passenger who was injured in an attempt to board a car is not supported by the evidence, where it appears that the attempt to board the car was made and the injury occurred before the car had been brought to a standstill."

The charge in this case considered as a whole, in our opinion, properly instructed the jury as to the rights and duties of the parties to the action, and correctly stated the law applicable to the facts.

We find no error in the record prejudicial to the plaintiff in error, and the judgment of the court of common pleas is affirmed.